MEMORANDUM **
Gerardo Huerta Valdenegro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for cancellation of removal because he lacked good moral character. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo a finding of statutory ineligibility for cancellation of removal, Montero-Martinez v. Ashcroft, 277 F.3d 1137, 1144 (9th Cir.2002), and we deny the petition for review.
To be eligible for cancellation of removal, an applicant must demonstrate good moral character during the ten-year period described by the statute. See 8 U.S.C. § 1229b(b)(l)(B). Under 8 U.S.C. § 1101(f)(3), an individual described in 8 U.S.C. § 1182(a)(2)(A) cannot “be regarded as, or found to be, a person of good moral character.” Section 1182(a)(2)(A)(i)(II), in turn, makes inadmissible an individual who stands convicted of any law relating to a controlled substance. Huerta Valdenegro admitted to pleading guilty to possession of methamphetamine before the IJ. Because his conviction relates to a controlled substance within the meaning of section 1182(a)(2)(A)(i)(II), the agency correctly determined that he is statutorily barred from establishing good moral character.
In light of our disposition, we need not address Huerta Valdenegro’s remaining contentions.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.